LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Jason Adler, Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON ADLER, | Case No.: 2:14-cv-1705 |
| Plaintiff, | |
| vs. | |
| HILTON GRAND VACATIONS COMPANY, LLC, a Delaware limited liability company; HILTON RESORTS CORPORATION, a Delaware corporation, dba Hilton Grand Vacations; HILTON GRAND VACATIONS MANAGEMENT, LLC, a Nevada limited liability company, dba Hilton Grand Vacations; and HILTON GRAND VACATIONS CLUB, LLC, a Delaware limited liability company, dba Hilton Grand Vacations Club, | **COMPLAINT** <br><br> JURY DEMAND |
| Defendants. | |

Plaintiff JASON ADLER states as follows:

**Jurisdiction**

1.  This is an action for damages arising under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101-12213, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2654.

2.  This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights action), 42 U.S.C. § 12117(a) (ADA), and 29 U.S.C. § 2617(a)(2) (FMLA). This Court also has supplemental jurisdiction over any and all pendent state law claims pursuant to 28 U.S.C. § 1367.

3.  All material allegations contained in this complaint are believed to have occurred in

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of 8

the State of Nevada, in the County of Clark; therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in the southern division of the United States District Court for the District of Nevada.

### Exhaustion of Administrative Remedy

4. On or about July 5, 2013, Mr. Adler completed and submitted an Intake Questionnaire to the Equal Employment Opportunity Commission ("EEOC"), stating that his former employer Hilton Grand Vacations had subjected him to unlawful discrimination on account of disability.

5. Thereafter, Mr. Adler filed a Charge of Discrimination with the EEOC, reiterating that he was subjected to unlawful discrimination in employment due to disability. This Charge was assigned Charge No. 846-2013-41156. A true and correct copy of this Charge of Discrimination is attached as Exhibit 1.

6. By letter dated July 17, 2014, the EEOC issued its "Dismissal and Notice of Rights" to Mr. Adler. A true and correct copy of this Notice is attached as Exhibit 2.

7. Mr. Adler subsequently received this Notice.

8. This action has been filed with this Court within 90 days of the date of the "Dismissal and Notice of Rights" sent to Mr. Adler and within 90 days of Mr. Adler's receipt of said notice. Therefore, this action is timely filed pursuant to 42 U.S.C. § 2000e-5(f) and 42 U.S.C. § 12117(a).

9. Mr. Adler, therefore, has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

### General Allegations

10. Mr. Adler repeats the allegations contained in paragraphs 1 to 9, *supra*.

11. Mr. Adler is a citizen of the State of Nevada and a resident of Clark County, Nevada.

12. Defendant HILTON GRAND VACATIONS COMPANY, LLC, is a limited liability company organized under the laws of the State of Delaware:

   a. This Defendant conducts and transacts business within the State of Nevada, County of Clark, under the name "Hilton Grand Vacations."

   b. For purposes of this allegation, the term "employer" is given the definition set forth at 42 U.S.C. § 12111(5).

   c. This defendant had over 15 employees at all times relevant to this matter.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 2 of 8

1        d.    This defendant had over 50 employees working within a 75-mile radius of 2650 Las Vegas Boulevard South, Las Vegas, Nevada, at all times relevant to this matter.

13. Defendant HILTON RESORTS CORPORATION is a corporation organized under the laws of the State of Delaware:

    a.    This Defendant conducts and transacts business within the State of Nevada, County of Clark, under the name "Hilton Grand Vacations."

    b.    For purposes of this allegation, the term "employer" is given the definition set forth at 42 U.S.C. § 12111(5).

    c.    This defendant had over 15 employees at all times relevant to this matter.

    d.    This defendant had over 50 employees working within a 75-mile radius of 2650 Las Vegas Boulevard South, Las Vegas, Nevada, at all times relevant to this matter.

14. Defendant HILTON GRAND VACATIONS MANAGEMENT, LLC, is a limited liability company organized under the laws of the State of Nevada:

    a.    This Defendant conducts and transacts business within the State of Nevada, County of Clark, under the name "Hilton Grand Vacations."

    b.    For purposes of this allegation, the term "employer" is given the definition set forth at 42 U.S.C. § 12111(5).

    c.    This defendant had over 15 employees at all times relevant to this matter.

    d.    This defendant had over 50 employees working within a 75-mile radius of 2650 Las Vegas Boulevard South, Las Vegas, Nevada, at all times relevant to this matter.

15. Defendant HILTON GRAND VACATIONS CLUB, LLC, is a limited liability company organized under the laws of the State of Delaware:

    a.    This Defendant conducts and transacts business within the State of Nevada, County of Clark, under the name "Hilton Grand Vacations Club."

    b.    For purposes of this allegation, the term "employer" is given the definition set forth at 42 U.S.C. § 12111(5).

    c.    This defendant had over 15 employees at all times relevant to this matter.

    d.    This defendant had over 50 employees working within a 75-mile radius of

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 3 of 8

1  2650 Las Vegas Boulevard South, Las Vegas, Nevada, at all times relevant to this matter.

2      16.    The following particulars of the claims of unlawful discrimination and retaliation to which Mr. Adler was subjected during his employment with Hilton Grand Vacations are set forth in the Intake Questionnaire and Charge of Discrimination that he filed with the EEOC:

    a.    In or around February 2006, Mr. Adler commenced employment with Hilton Grand Vacations and/or Hilton Grand Vacations Club, at its business operations located at 2650 Las Vegas Boulevard South, Las Vegas, Nevada.

    b.    Mr. Adler's employment with Hilton Grand Vacations and/or Hilton Grand Vacations Club was involuntary terminated by his employer on or about May 25, 2013.

    c.    Mr. Adler originally was hired in the position of "Executive Consultant."

    d.    Mr. Adler subsequently was promoted to the position of "Senior Executive Consultant," the position that he held at the time of his termination.

    e.    Mr. Adler was employed in a "commission only" position. He was not paid an hourly wage or salary, only earned commissions. His employer did not require him to "punch a time clock" or otherwise retain records of actual hours on premises and actual hours worked.

    f.    Mr. Adler suffers from a chronic muscle disease that is a recognized disability under the ADA.

    g.    Mr. Adler's muscle disease substantially limits one or more major life activities, such as walking, standing, sleeping and an ability to concentrate.

    h.    Mr. Adler was denied a reasonable accommodation that would have allowed him to perform the essential functions of his position of Senior Executive Consultant. Mr. Adler had requested to be able to use leave time under the FMLA, including leave time allocated on an intermittent basis. His employer denied him the use of medical leave and intermittent leave, claiming that he had worked an insufficient number of hours during the preceding 12 months to be eligible for federally-protected leave under the FMLA.

    i.    The employer's stated reasons for denying Mr. Adler a reasonable accommodation and the requested medical leave was false. Mr. Adler had worked a sufficient number of hours; however, the employer's deficient time records were used as a pretext for denying

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Mr. Adler the requested accommodation.

   j. The employer's stated reason for terminating Mr. Adler's employment also was false. Mr. Adler was accused of submitting a deficient medical note for extending a leave of absence and was not given the opportunity to correct any perceived or actual deficiencies with the medical note.

### First Claim for Relief

*Unlawful employment discrimination due to disability in violation of the ADA*

17. Mr. Adler repeats the allegations contained in paragraphs 1 to 16, *supra*.

18. Mr. Adler's chronic muscle disease back constitutes a disability under the ADA as it is a physical impairment that substantially limited one or more major life activities, including but not limited to walking, standing, sleeping and an ability to concentrate.

19. Throughout the time period relevant to this matter, and at the time of Mr. Adler's termination, Mr. Adler was a qualified individual who, with reasonable accommodation, including but not limited to the use of legally-mandated intermittent leave under the FMLA, could perform the essential functions of his position of Senior Executive Consultant.

20. By the actions set forth above, Defendants violated 42 U.S.C. § 12112(a) by unlawfully discriminating against Mr. Adler by failing and refusing to provide a reasonable accommodation to his disability when he was able to perform the essential functions of his position either with or without reasonable accommodation.

21. Defendants further violated 42 U.S.C. § 12112(a) because Defendants unlawfully terminated Mr. Adler's employment rather than providing the requested reasonable accommodation:

   a. Mr. Adler was a qualified individual with a disability under the ADA.

   b. He was qualified to perform the essential functions of hisposition and had been successfully performing those essential functions.

   c. He was involuntarily terminated from his employment.

22. Because Defendants unlawfully discriminated against Mr. Adler by terminating his employer rather than providing a reasonable accommodation to his disability, Defendants must pay Mr. Adler damages in an amount to be determined at trial for backpay, frontpay, lost benefits, and

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 5 of 8

compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

23. Because Defendants have been guilty of oppression, fraud or malice, express or implied, Defendants must pay Mr. Adler an additional amount for the sake of example and by way of punishment.

24. Mr. Adler has had to procure the services of an attorney to protect his rights and to secure compensation for damages incurred as a result of these violations of the ADA; therefore, he is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

## Second Claim for Relief

*Unlawful employment discrimination due to disability in violation of NRS 613.330(1)*

25. Mr. Adler repeats the allegations contained in paragraphs 1 to 24, *supra*.

26. For the reasons set forth above and in the papers filed with the EEOC, Defendants violated NRS 613.330(1) unlawfully discriminating against Mr. Adler because he was a qualified individual with a disability.

27. Because Defendants unlawfully discriminated against Mr. Adler and subjected him to disparate treatment because he was a qualified individual with disability, Defendants must pay Mr. Adler damages in an amount to be determined at trial for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

28. Because Defendants have been guilty of oppression, fraud or malice, express or implied, Defendants must pay Mr. Adler an additional amount for the sake of example and by way of punishment.

29. Because Mr. Adler has had to procure the services of an attorney to protect his rights and to secure compensation for damages incurred as result of these violations of NRS 613.330(1), he is entitled to recover as special damages an additional amount for attorney's fees incurred.

## Third Claim for Relief

*Interference with rights under the Family and Medical Leave Act*

30. Mr. Adler repeats the allegations contained in paragraphs 1 to 29, *supra*.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

31. The Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2654, entitles eligible employees of covered employers to at least 12 weeks of leave over a designated 12-month time period for any of the reasons set forth in 42 U.S.C. § 2612(a)(1).

32. Employers must allow federally-protected leave under the FMLA to be taken on an intermittent basis as needed.

33. Defendants interfered with Mr. Adler's rights under the FMLA when Mr. Adler was denied a medical leave of absence under the FMLA under the pretext of having insufficient hours.

34. Defendants further interfered with Mr. Adler's rights under the FMLA by terminating Mr. Adler's employment rather than allowing him to take the necessary medical leave to which he was entitled under the FMLA.

35. Because Defendants unlawfully interfered with Mr. Adler's protected rights under the FMLA, Mr. Adler has been damaged by an amount to be determined at trial.

36. Mr. Adler is further entitled to an award of punitive damages and liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because of this unlawful interference with his FMLA rights.

37. Mr. Adler has had to procure the services of an attorney to protect his rights and secure compensation for the damages incurred as a result of these violations of the FMLA; therefore, he is entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff JASON ADLER prays that the following judgment be entered upon a trial by jury, against Defendant HILTON GRAND VACATIONS COMPANY, LLC, a Delaware limited liability company, Defendant HILTON RESORTS CORPORATION, a Delaware corporation, dba Hilton Grand Vacations, Defendant HILTON GRAND VACATIONS MANAGEMENT, LLC, a Nevada limited liability company, dba Hilton Grand Vacations, and Defendant HILTON GRAND VACATIONS CLUB, LLC, a Delaware limited liability company, dba Hilton Grand Vacations Club:

1. Monetary damages in an amount to be determined at trial, which continue to accrue;
2. An award of interest on the amount owed;
3. Punitive damages and liquidated damages;
4. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 12205, 29 U.S.C.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 7 of 8

1 | § 2617(a)(3), and/or any other applicable law;  and

2 |     5.    Any further relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
    Robert P. Spretnak, Esq.

Attorney for Jason Adler, Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 8 of  8